506 So.2d 802 (1987)
STATE of Louisiana
v.
Mark BRADY.
No. 86-KA-1417.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge by Robert Pied-rahita, Asst. Dist. Atty., for plaintiff/appellee.
Otha Curtis Nelson, Sr., Baton Rouge by Mike Mitchell, Asst. Public Defender, for defendant/appellant.
Before EDWARDS, WATKINS and Le BLANC, JJ.
EDWARDS, Judge.
The defendant, Mark Brady, was tried by a jury and convicted of two counts of armed robbery, in violation of LSA-R.S. 14:64. He was sentenced to serve twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence. He appealed, urging nine assignments of error. However, this court has noticed error patent on the face of the record which requires us to remand this matter for further *803 proceedings before we can consider his appeal.
Defendant's post-conviction procedural history is as follows:

June 9, 1986 - Defendant filed a motion for a new trial,
 alleging the court erred in allowing the
 state to introduce a photographic display
 and in denying his motion to quash the
 information because of a speedy trial
 violation.
July 1, 1986 - The trial court denied defendant's
 motion for a new trial and sentenced
 him to serve twenty-five years at hard
 labor, without benefit of parole,
 probation, or suspension of sentence.
July 3, 1986 - Defendant filed a second motion for a
 new trial, claiming he lacked the mental
 capacity to assist his attorney
 throughout the proceedings. He
 requested the appointment of a sanity
 commission and a delay in the imposition
 of sentence.
July 11, 1986 - Defendant filed a formal motion for the
 appointment of a sanity commission, and
 the court appointed Doctors Hypolite
 Landry and George Burke to the
 commission.
Aug. 11, 1986 - The trial court conducted a hearing to
 determine defendant's mental capacity.
 Defendant presented no evidence,
 relying on the report of Dr. Frank Silva
 in which Dr. Silva stated that the
 defendant was competent to assist his
 counsel. Based on this report, the trial
 court found defendant competent and
 denied his second motion for a new trial.
Sept. 3, 1986 - The court reimposed the same sentence
 of twenty-five years at hard labor,
 without benefit of parole, probation, or
 suspension of sentence.

We note three errors in these post-conviction proceedings. First, the record does not reflect that the trial court appointed Dr. Silva to the sanity commission. Thus, the trial court erred in using his report in its determination of defendant's competency and in continuing the proceedings without obtaining a report from the doctors it appointed to the sanity commission. Further, the record does not reflect that the trial court vacated the sentence it imposed July 1, 1986, before reimposing the same sentence on September 3, 1986. Despite defendant's motion for a delay in sentencing on July 3, 1986, sentence had been pronounced two days earlier, albeit in contravention of LSA-C.Cr.P. art. 873. Finally, the sentence actually imposed is invalid. Defendant was convicted of two counts of armed robbery, requiring the imposition of two separate sentences. The record does not reflect that defendant has been sentenced on all counts for which he has been convicted.
It is well settled that a defendant can appeal from a final judgment of conviction only where the sentence has been imposed. LSA-C.Cr.P. art. 912C(1); State v. Chapman, 471 So.2d 716 (La.1985). Thus, his appeal is not properly before the court at this time. Accordingly, the sentences previously imposed are vacated and we remand this matter to the trial court with the following instructions: Before imposing sentence, the trial court is ordered to comply with the procedural requirements of LSA-C.Cr.P. art. 641 and obtain a report from the physicians it appointed to the sanity commission. Thereafter, if it is determined that defendant was competent to assist his counsel, the court must impose a sentence on each of the two counts for which defendant was convicted. After resentencing, defendant may proceed with his appeal.
REMANDED FOR RESENTENCING.