524 So.2d 1356 (1988)
STATE of Louisiana
v.
Mark BRADY.
No. KA 87 1207.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Rehearing Denied June 6, 1988.
*1357 Bryan Bush, Dist. Atty., Baton Rouge by Don Wall, Asst. Dist. Atty., for plaintiff/appellee.
Otha Curtis Nelson, Baton Rouge, for defendant/appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Mark Brady was convicted of two counts of armed robbery, in violation of LSA-R.S. 14:64. He received two concurrent sentences of twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence. We remanded defendant's first appeal to the trial court for the correction of several patent errors. See State v. Brady, 506 So.2d 802 (La.App. 1st Cir.1987). Those patent errors have been corrected, and the instant appeal is now properly before this Court.

FACTS
The defendant was convicted of the armed robberies of Betty Bergeron and Sonya Cambre, employees of the DiMattia Insurance Company of Baton Rouge, Louisiana. On September 16, 1985, the women were robbed in the insurance company office by two black men, each of whom carried a handgun. The women testified that the robbers walked into the office with their *1358 faces covered and their guns drawn. The defendant ordered Ms. Bergeron to open her desk, which contained approximately $150.00 in cash, and to give the money to him.
The defendant's companion then ordered Ms. Bergeron and Ms. Cambre to give him their jewelry and cash. He took two rings from Ms. Bergeron, worth approximately $6000.00, and about $10.00 in cash. Ms. Cambre lost several items of jewelry worth approximately $3000.00. Both women testified that they were able to see the faces of the robbers as the men left. The defendant was subsequently identified through a photographic lineup and was positively identified by both victims in court.
The defendant testified that on September 16, 1985, he worked for his father from 6:00 A.M. to 1:00 P.M. Albert Heard, a friend of the defendant who also worked for the defendant's father in September of 1985, corroborated the defendant's alibi testimony. The defendant's father, Arthur Brady, Sr., testified that he was in the scrap iron business and that his son worked for him every weekday. Mr. Brady testified that he picked up the defendant and Albert Heard about 6:00 A.M. every morning and dropped them off at his house, where they worked until they had finished the tasks assigned to them. However, Mr. Brady also testified that he had another job during the day and, therefore, was not present with the defendant and Albert Heard and could not specifically say where the defendant was at 11:00 A.M., the time the robbery occurred.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, the defendant argues that he was denied a fair trial because the first photographic lineup viewed by the victims was not admitted into evidence.
Ms. Bergeron testified the first lineup contained small, black and white photos from which she was unable to identify the robbers. However, the second lineup was made up of larger, color photos which enabled her to identify the defendant. The record reflects that the defendant originally objected to testimony by Ms. Bergeron about the second photographic lineup because of the leading nature of the State's questions. Thereafter, the trial court asked whether or not the defendant's photograph was in the first lineup and, upon finding that no one knew, ordered the State to provide the first lineup as possible Brady evidence.
Despite the trial court's order, the first lineup was not admitted into evidence. Officer Bart Thompson testified that he did not keep the first lineup because no one was identified from it. However, both of the victims testified they had seen it and had attempted to identify a suspect from it. At trial, they each identified the defendant and related his role in the robbery. We find, therefore, that the defendant was not prejudiced by the State's failure to locate and present the first photographic array after being ordered to do so, nor did the trial court err in permitting Ms. Bergeron to testify about the second photographic array.
Officer Greg Phares testified that he brought the second lineup to the Dimattia Insurance Company office and displayed the photographs to Ms. Bergeron on October 10, 1985. The name of each participant in the array was written on the back of each photograph; however, the victim was not allowed to see the name until an identification was made. Officer Phares testified that neither he nor Officer Frank Paixao, who accompanied him, suggested the suspected culprit in any way. Officer Phares further testified that Ms. Bergeron closely studied each of the photographs before identifying the defendant. Accordingly, we find that defendant did not bear his burden of proving that the photographic lineup was unduly suggestive. See LSA-C.Cr.P. art. 703 (C); State v. Vaughn, 378 So.2d 905 (La.1979).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, the defendant argues that he should have been *1359 discharged from his bond obligation because his right to a speedy trial was violated. The remedy provided by LSA-C.Cr.P. art. 701(D) is an interim remedy. Once brought to trial, the defendant is no longer entitled to release from his bond obligation. Accordingly, this issue is moot.
The defendant also asserts that he was denied his constitutional right to a speedy trial and was, therefore, entitled to discharge from his bond obligation. Discharge of bond obligation is not the remedy for denial of the constitutional right to a speedy trial. Depending upon the circumstances, an accused whose right to a speedy trial is violated might be entitled to dismissal of the prosecution. However, we do not find that the defendant was entitled to dismissal of the charges in the instant case.
The constitutional right to a speedy trial attaches when an individual becomes an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Pleasant, 489 So.2d 1005, 1010 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986). In determining whether or not this constitutional right has been violated, no fixed time period is determinative. Rather, the conduct of both the prosecution and the defense are viewed in light of several factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the actual prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The peculiar circumstances of each case determine the weight to be ascribed to the length and reasons for the delay.
The instant offense occurred on September 16, 1985; and the defendant was arrested on or about October 10, 1985. The bill of information was filed on November 27, 1985; and the defendant was arraigned on December 6, 1985. Trial began March 31, 1986. The defendant was charged with two counts of armed robbery, a serious felony. Thus, it does not appear that the length of time was unreasonable; rather, in light of the seriousness of the offense, a delay of five months and three weeks appears to be minimal.
The second factor to consider is the reason for the delay. Part of the delay seems to have been caused when the case was reassigned to a different section of Criminal Court. Although the record reflects that the trial court granted continuances of the hearing dates of February 11 and March 11, 1986, the State's answer to the bill of particulars was not filed until February 24, 1986; and several defense pretrial motions were still pending. Moreover, with reference to the third factor, although the defendant asserted his right by filing a motion for speedy trial, he acquiesced in the delay of a hearing on this motion for speedy trial and bond reduction by deferring consideration of it until the scheduled trial date. Thus, the record does not reflect that the defendant diligently pursued his right to a speedy trial.
The final factor to consider is prejudice to the accused which resulted from the delay in prosecution. The defendant alleges only that he has been incarcerated since his arrest and that he was deprived of an opportunity to assist his attorney in properly preparing for his case. While the inconvenience of incarceration can be considerable, the mere fact that an accused remains imprisoned is not per se prejudicial. The defendant has not shown that he was unable to freely meet with and assist his attorney in preparation for trial. We find, therefore, that the defendant has not substantiated his allegation of prejudice. Moreover, the minimal delay involved herein does not give rise to implied prejudice. After considering the four factors stated above, we find no denial of the defendant's constitutional right to a speedy trial.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error, the defendant submits the trial court erred by failing to require a State witness to answer his question.
*1360 Sonya Cambre positively identified the defendant as one of the robbers. On cross-examination, defense counsel asked her if she thought she could identify the other participant if she were shown a photograph of him. The trial court sustained the state's objection that the question required a speculative answer.
The defendant argues that the question was relevant to an inquiry into the suggestiveness of the identification procedures. He claims that he was attempting to challenge Ms. Cambre's powers of observation and that, therefore, the trial court erred in refusing to permit him to explore the issue despite its apparently speculative nature. In the discipline of his court, the trial judge is given wide discretion in controlling the examination of witnesses. LSA-R.S. 15:275. A conviction will not be reversed due to the trial judge's control of the witness examination unless an abuse of discretion is shown which affects the substantial rights of the accused. LSA-C.Cr.P. art. 921; State v. Bennett, 454 So.2d 1165, 1182 (La.App. 1st Cir.), cert. denied, 460 So.2d 604 (La.1984).
Ms. Cambre had previously testified that each man masked his face as he entered the office. She further testified that the robber who approached Ms. Bergeron wore a red bandana over his face, which he lowered as he took the money. She identified this man as the defendant and specifically testified that she saw his face more clearly than that of the other robber because she chose to look away from the man holding the gun to her torso. Ms. Cambre's testimony establishes that she did not pay close attention to the features of the other participant. The question of whether or not she could identify him is not relevant to the issue of the defendant's identification. The defendant's inquiry required a response that was pure conjecture and irrelevant and the trial court did not abuse its discretion in sustaining the State's objection.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, the defendant submits that the jury erred by convicting him of two counts of armed robbery. He argues that the evidence was not sufficient to support the two guilty verdicts.
The proper method to raise the issue of insufficient evidence is by motion for post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821. However, when the issue is raised by formal assignment of error and briefed, a reviewing court must consider the evidence to determine whether or not it meets the constitutional standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in article 821.
The standard set forth in article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. According to LSA-R.S. 14:64, "[a]rmed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." The testimony of the victims established that the defendant and another man entered the office building in which they worked and demanded money and jewelry. Each robber carried a gun. The two men stole approximately $160.00 in cash and jewelry worth approximately $9,000.00. Both women testified that the robbers ordered them to be quiet or they would be killed.
On the other hand, the defendant contends that he did not commit the instant robbery. He testified that, on the day the robbery occurred, he was working for his father from 6:00 A.M. to 1:00 P.M. The testimony of the other defense witnesses, the defendant's father and Mr. Heard, essentially corroborated the defendant's alibi testimony.
The jury was aware of the conflicting evidence noted above, but the two guilty verdicts which they returned indicate that they accepted the testimony of the State witnesses and rejected the testimony of the *1361 defense witnesses. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984).
Finally, the defendant also argues that the State failed to prove the actual amount taken. The actual value of the thing taken is not an essential element of armed robbery; it is only necessary that the State prove something of value was taken. See LSA-R.S. 14:64; State v. Wagster, 489 So.2d 1299, 1305 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La. 1986). Any rational juror could have found the testimony of the victims established that something of value was taken from each of them.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
By this assignment of error, the defendant submits that the trial court erred by denying his motion for a new trial. The defendant argues that he was misled into believing the State intended to introduce the first photographic lineup and, therefore, he did not request a mistrial because of the possible Brady violation. He also claims that his right to cross-examine the victims was abridged by the trial court's restriction of his line of inquiry into the suggestiveness of the second photographic array.
The defendant had the opportunity to fully explore the circumstances attendant to the first photographic array. In assignment of error number one, we determined that the trial court properly denied the defendant's motion to suppress the second photographic lineup. Furthermore, in assignment of error number three, we determined that the trial court did not err in sustaining the State's objection to the defendant's question asking Ms. Cambre to speculate about her perceptions of the defendant's accomplice.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS SIX AND SEVEN
By assignment of error number six, the defendant submits that the trial court erred by imposing an excessive sentence. By assignment of error number seven, the defendant argues that the trial court erred in considering his criminal record, which included arrests as well as convictions.
LSA-C.Cr.P. art. 894.1 sets forth items which must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055, 1061 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found many aggravating circumstances. Although the presentence investigation revealed that the defendant was a first felony offender, the trial court noted that, as a juvenile, the defendant had been arrested numerous times, including arrests for burglaries, thefts, possession of stolen things, and possession of a sawed-off shotgun. The trial court also noted that the defendant had been committed to L.T.I. and *1362 was later placed under the supervision of Probation and Parole until age seventeen. Based on the defendant's juvenile record, the instant armed robbery convictions, and the defendant's admission during the presentence investigation interview that he had been supporting himself by committing burglaries, the trial court concluded that the defendant would commit further crimes if not incarcerated.
For his conviction of two counts of armed robbery, the defendant could have received two maximum sentences of ninety-nine years at hard labor. See LSA-R.S. 14:64. However, he received two concurrent sentences of twenty-five years at hard labor for these convictions. In his brief, the defendant argues that the sentences imposed were excessive because the trial court failed to take into consideration his youthful age. Contrary to this argument, the sentencing record clearly indicates that the trial court was aware of the defendant's age and considered the defendant's youth to be the only mitigating factor. The defendant also argues that the trial court erred by considering his juvenile arrest record. However, the type of criminal activity a court may consider during sentencing is not limited to prior convictions or by the rules of evidence. State v. Lewis, 509 So.2d 848, 850 (La.App. 1st Cir. 1987). Accordingly, the trial court acted properly in considering the defendant's prior arrests.
In view of the above, we find that the trial court satisfied the criteria set forth in LSA-C.Cr.P. art. 894.1. Furthermore, considering the circumstances of the instant robberies and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentences imposed.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER EIGHT
By this assignment of error, the defendant submits that the trial court erred by denying his motion for post-conviction bond.
In the instant case, the defendant was convicted of two counts of armed robbery and received two concurrent sentences of twenty-five years at hard labor without benefit of parole, probation, or suspension of sentence. LSA-C.Cr.P. art. 314 provides that, when a defendant is sentenced to more than five years imprisonment, bail may be allowed after sentence pending appeal. Thus, the granting or denial of bail pending appeal in this case was within the discretion of the trial court. State v. Strickland, 398 So.2d 1062, 1068 (La.1981). Considering the aggravating circumstances noted by the trial court in its sentencing reasons, we find no abuse of the trial court's great discretion in denying the defendant's request for post-conviction bail.
Additionally, the issue of whether or not the trial court has erred by denying a motion for post-conviction bail is raised more properly and timely by invoking the supervisory jurisdiction of this Court pursuant to LSA-C.Cr.P. art. 322. See State v. Simmons, 414 So.2d 705, 711 (La.1982).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER NINE
By this assignment of error, the defendant submits that the trial court erred by refusing to order the court reporter to transcribe the voir dire examination of prospective jurors. The defendant claims he was denied the right to an impartial jury because of the State's systematic exclusion of black prospective jurors.
The trial court conducted a hearing regarding the defendant's motion to transcribe the jury selection proceedings. He then denied the motion on the ground that the defendant had failed to object at any time during jury selection and, thus, had failed to preserve a record for this complaint. The defendant now argues that he could have furnished information on the racial composition of the venire through notes which he kept during voir dire.
*1363 A purported error in the selection of the jury cannot be raised on appeal unless a contemporaneous objection is lodged, pursuant to LSA-C.Cr.P. art. 841. State v. Spencer, 446 So.2d 1197, 1200 (La. 1984); State v. Bazile, 386 So.2d 349, 351 (La.1980).[*]
This assignment of error is without merit.
Accordingly, for the above reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court also emphasized the importance of a timely objection to perceived jury irregularities. Batson was decided April 30, 1986, one month after the instant proceedings.