574 So.2d 1305 (1991)
STATE of Louisiana, Appellee,
v.
Michael BESSONETTE, Appellant.
No. Cr90-508.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
Louis Vogt, Vidalia, for appellant.
John F. Johnson, Dist. Atty., Vidalia, for appellee.
Before FORET, KNOLL and KING, JJ.
FORET, Judge.
Defendant, Michael Bessonette, appeals from his August 9, 1989 sentencing. He assigns as manifest error that the sentence was excessive and failed to meet the requirements of La.C.Cr.P. art. 894.1. We reverse on an error patent and remand for re-sentencing.

FACTS
On September 7, 1988, defendant-appellant was charged by bill of information with three counts of simple burglary, in violation of La.R.S. 14:62; one count of theft (under $100); and two counts of theft ($100-$500), in violation of La.R.S. 14:67. On September 21, defendant entered a plea of not guilty to the charges against him. On January 18, 1989, Bessonette filed an oral motion to withdraw his previous plea of not guilty and enter in lieu thereof a plea of guilty to the charges. (However, the guilty plea indicates that Bessonette pled guilty only as to the charges of burglary.)
The trial judge informed Bessonette of his constitutional rights and accepted his guilty plea, having concluded that Bessonette understood and voluntarily waived all of his constitutional rights. The trial judge then ordered a pre-sentence investigation report.
On August 9, 1989, defendant was sentenced to serve nine years imprisonment at hard labor. On the following day, an amended entry was filed to indicate that on August 9, 1989, the defendant was sentenced to nine years imprisonment at hard labor on each count of simple burglary, to run concurrent; six months in the parish prison on the one count of theft (under $100), to run concurrent to the simple burglary sentences; and two years imprisonment at hard labor on each of the two counts of theft ($100-$500), to run concurrent to the simple burglary sentences.

LAW
A review of the record for errors patent as directed by La.C.Cr.P. art. 920(2) reveals that the sentences imposed are invalid. Defendant was convicted of six counts, requiring the imposition of six separate sentences.
The record reflects that on August 9, 1989, the trial court sentenced defendant to serve nine years imprisonment at hard labor. However, the record fails to reflect that the defendant was sentenced on all counts for which he was convicted. Therefore, the nine-year sentence of imprisonment *1306 at hard labor is invalid. Where a record fails to reflect that a defendant has been sentenced on all counts against him, the sentence imposed is rendered invalid. See State v. Brady, 506 So.2d 802 (La.App. 1 Cir. 1987), appeal after remand, 524 So.2d 1356, writ denied, 532 So.2d 175 (La. 1988).
The trial judge failed to state for what conviction the nine-year imprisonment sentence applied. The only reference to the charges is the docket number on the caption of the sentencing transcript and on the certification by the court reporter, which refers to docket # 88-2288, which are the three counts of simple burglary.
There is, however, no sentencing transcript for the remaining convictions, three counts of theft, case numbers 88-2288A and 88-2288B. Therefore, there is no way for this Court to review the sentences.
A finding of an error patent on the face of the record warrants a reversal and a remand to the trial court for a resentencing. That finding pretermits a discussion of defendant-appellant's assignment of error of excessive sentence and failure of the trial judge to follow the guidelines of La.C. Cr.P. art. 894.1.
REVERSED AND REMANDED.