STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1333

STATE OF LOUISIANA

VERSUS

JAMARLON PIERRE

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 21,363
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE
VACATED AND CASE REMANDED FOR RESENTENCING;
MOTION TO WITHDRAW GRANTED.

Van H. Kyzar
District Attorney
Post Office Box 838
Natchitoches, Louisiana 71458-0838
(318) 357-2214
Counsel for Appellee:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Jamarlon Pierre**

**KEATY, Judge.**

Defendant, Jamarlon Pierre, appeals his habitual offender adjudication and sentence. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), requesting that this court grant his accompanying motion to withdraw. For the following reasons, we affirm Defendant's habitual offender adjudication but vacate his life sentence, remanding it to the trial court for the appointment of defense counsel and for resentencing. Appellate counsel's motion to withdraw is granted.

## FACTS AND PROCEDURAL BACKGROUND

On December 12, 2011, Conswayla Mitchell was residing at her house in Natchitoches, Louisiana, where she lived with her fiancé, Tyrell Thomas. Thomas, a drug dealer, was out of town at the time. At approximately 9:00 a.m., two men kicked in her front door and entered her house. They proceeded into her bedroom where one of the men shot Mitchell. Before leaving, the men confiscated a gun and $2,200 in cash. After the police received a tip, Defendant and other individuals were arrested.

Defendant was convicted of attempted second degree murder and armed robbery in Docket Number C18733-1 and was charged as a habitual offender in Docket Number C21363A. He was adjudicated a habitual offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant is before us appealing his habitual offender adjudication and sentence. Appellate counsel has filed a brief pursuant to *Anders*, 386 U.S. 738, alleging that the record contains no non-frivolous issues for appeal; thus, he requests this court grant his accompanying motion to withdraw.

## DISCUSSION

### I.    Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.   After reviewing the record, we find it contains one error patent requiring that Defendant's life sentence be vacated and the case remanded for resentencing.

Defendant was convicted of attempted second degree murder and armed robbery.  He was originally sentenced on March 26, 2014, to serve forty-five years at hard labor for attempted second degree murder and forty-five years at hard labor without benefit of parole, probation, or suspension of sentence for armed robbery. The sentences were to run concurrently.  In April 2014, the State filed a habitual offender bill alleging the following:

> COUNT 1:  COMMIT THE OFFENSE OF BEING A HABITUAL OFFENDER, HAVING BEEN CONVICTED OF ATTEMPTED 2ND DEGREE MURDER AND ARMED ROBBERY ON JANUARY 23, 2014, IN THE 10TH JDC; AND HAVING PREVIOUSLY BEEN CONVICTED OF POSSESSION OF SCHEDULE II WITH INTENT TO DISTRIBUTE ON JANUARY 23, 2006, IN THE 10TH JDC; AND HAVING PREVIOUSLY BEEN CONVICTED OF ARMED ROBBERY ON OCTOBER 26, 1998, IN THE 10TH JDC, IN VIOLATION OF R.S. 15:529.1, A FELONY.

At the habitual offender hearing, the State indicated that Defendant was charged pursuant to La.R.S. 15:529.1 (A)(3)(b), which provides:

> If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In finding Defendant a habitual offender, the trial court stated that it found he had been convicted of felonies on three occasions as required by La.R.S. 15:529.1(A)(3)(b). It stated that "we don't count each [felony] individually when two of them occur at the same time." The trial court noted that Defendant's felonies in chronological order included armed robbery; possession with intent to distribute a narcotic substance; and armed robbery and attempted murder. It stated that the first and last felonies qualified as crimes of violence, and his second felony was "a violation of the Controlled Dangerous Substance Law punishable by imprisonment of ten (10) years or more." The trial court held that the State proved that Defendant's convictions fell within the time periods required by the habitual offender statute. It found that the State proved beyond a reasonable doubt that Defendant was the person convicted of the prior felonies, resulting in him being sentenced as a multiple offender. The trial court held: "The previous sentence in Docket Number C18733-1A is vacated[,] and the defendant is hereby sentenced to serve a term of life in prison, without possibility of parole, probation, or suspension of sentence."

Louisiana jurisprudence interprets the habitual offender statute as containing "no prohibition against enhancing multiple sentences obtained on the same date arising out of a single criminal act or episode." *State v. Shaw*, 06-2467, p. 20 (La. 11/27/07), 969 So.2d 1233, 1245. In the case at bar, Defendant's convictions of attempted second degree murder and armed robbery were included in the habitual offender bill and referenced at the hearing, but only a single life sentence was imposed. The trial court vacated the original "sentence." Since two concurrent forty-five year sentences had been imposed, presumably the trial court intended to

3

vacate both original sentences, simply viewing them as a single sentence due to their concurrent nature.

We find that the trial court erred since the record fails to indicate which of Defendant's two convictions were enhanced or whether both were enhanced. Accordingly, Defendant's life sentence is indeterminate as he was convicted of two offenses, attempted second degree murder and armed robbery, and only a single sentence was imposed.

Louisiana jurisprudence provides a map for this court to follow when faced with a defendant's indeterminate sentence. In *State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624, the defendant was sentenced as a third felony offender to seventy-five years at hard labor arising from his conviction on four counts of armed robbery. In addressing a similar raised issue, this court stated:

> By these assignments of error, the defendant contends the trial court erred in failing to specify which of the four convictions was being enhanced at sentencing and in failing to sentence him on the additional three counts within a reasonable amount of time.
>
> The defendant notes that the trial court did not specify which armed robbery conviction was being enhanced. Nor did the court sentence the defendant on the remaining three convictions. . . .
>
> We agree, that the trial court erred in that the record does not reveal which of defendant's four armed robbery convictions was being enhanced. Additionally, the trial court should have imposed a separate sentence on each of the three remaining convictions. Therefore, defendant's sentence is indeterminate as he was convicted of four counts of armed robbery and only a single sentence was imposed. See *State v. Bessonette*, 574 So.2d 1305 (La.App. 3 Cir.1991); La.Code Crim.P. art. 879. Accordingly, defendant's sentence will be vacated and the case remanded to the trial court for clarification as to which count is being enhanced and for imposition of separate sentences on the remaining three counts. See *State v. Parker*, 593 So.2d 414 (La.App. 1 Cir.1991).

*Id.* at 630.

In *State v. Clennon*, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, the defendant was convicted of two counts of armed robbery. On appeal, the appellate court found patent error occurred when the trial court failed to specify which of the two sentences it intended to enhance:

> The second patent error in the record is that the trial court erred in failing to specify which of defendant's two sentences it intended to enhance pursuant to the habitual offender bill. The amended commitment also fails to indicate which of defendant's sentences was enhanced. Because defendant's two convictions arose from a single criminal episode, only one could be enhanced. *State ex rel. Porter v. Butler*, 573 So.2d 1106, 1108 (La.1991). It is the opinion of this Court that the [sic] we must vacate the habitual offender sentence and remand the case to the trial court for re-sentencing, with the instruction that the trial court specify which of defendant's two sentences are to be enhanced. See *State v. Stack*, 97-1176, (La.App. 5th Cir. 4/15/98), 710 So.2d 841, 845.

*Id*. at 165.[1]

In *State v. Elie*, 10-1494 (La.App. 3 Cir. 10/5/11), 74 So.3d 1216, *writ denied*, 11-2786 (La. 4/13/12), 85 So.3d 1246, this court remanded the case for resentencing due to the defendant's absence from sentencing, an assigned error. On error patent review, this court noted:

> In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find one such error. Although the trial court acknowledged that there were two counts, it appears it enhanced only one of Defendant's sentences at the habitual offender proceeding for possession of a firearm by a convicted felon. For reasons provided below, we remand this matter to the trial court for resentencing, at which time the trial court must specify which of Defendant's two convictions is being enhanced. *State v. Clennon*, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161; and *State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624.

*Id*. at 1219.

---

[1] It was permissible to enhance only one of multiple convictions arising out of a single criminal episode at the time of the *Webster*, 664 So.2d 624, and *Clennon*, 738 So.2d 161, opinions. The supreme court subsequently held that La.R.S. 15:529.1 does not prohibit enhancing multiple sentences obtained the same date arising out of a single criminal episode. *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233.

Accordingly, Defendant's life sentence is vacated, and the case is remanded to the trial court for the appointment of defense counsel and for resentencing with the trial court being instructed to clarify which sentence(s) is (are) being enhanced and for imposition of a separate sentence on the remaining conviction should only one sentence be enhanced.

## II.    *Anders* Analysis

Defendant's appellate counsel filed an *Anders* brief stating that he could find no errors on appeal which would support reversal of Defendant's convictions or sentences.  Counsel therefore seeks to withdraw.

When presented with an *Anders* brief, we are required to do the following:

> An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. "When counsel files an *Anders* brief, an appellate court reviews several items:  a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Defrene*, 07-823, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33.  If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence.

*State v. Newman*, 12-359, p. 7 (La.App. 5 Cir. 12/11/12), 107 So.3d 775, 780, *writ denied*, 13-121 (La. 6/21/13), 118 So.3d 407.

An *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'"  *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 442, 108 S.Ct. 1895 (1988)).  Counsel must discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on

6

shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Counsel's *Anders* brief, therefore, must review the procedural history, the evidence presented in the lower court, and "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In this case, counsel's brief provides the suit's procedural history while pointing out that the State failed to prove Defendant's discharge dates for his prior offenses for purposes of calculating the cleansing period. He claims, however, that because ten years did not lapse between any of his prior convictions, the State was not required to prove the discharge date.

In support, counsel cites *State v. Bourque*, 14-809 (La.App. 3 Cir. 12/10/14) (unpublished opinion). In *Bourque*, the defendant alleged that the trial court erred in adjudicating him a fourth felony offender because the state failed to prove the discharge dates of his prior offenses. This court held:

> It is not necessary to determine whether the alleged error should be addressed as an error patent even though it was not objected to in the lower court. Louisiana Revised Statutes 15:529.1(C) provides:
>
>> The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year

7

periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.

In *State v. Thomas*, 05-2210, p. 10 (La.App. 1 Cir. 6/9/06), 938 So.2d 168, 176, *writ denied*, 06-2403 (La. 4/27/07), 955 So.2d 683, the first circuit stated the following about the above statutory provision:

The statutory revision makes it clear that each step of the defendant's multiple offender ladder must be examined to determine whether the State may link his first conviction to his second, his second conviction to his third, and his third conviction to his fourth to charge the defendant as a fourth felony offender.

In "linking" up the defendant's prior convictions, the date that a defendant is actually discharged from state custody and supervision is the date upon which the cleansing period begins. *State v. Boutte*, 10-928, p. 3 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, 627, *writ denied*, 11-689 (La. 10/7/11), 71 So.3d 314 (quoting *State v. Boykin*, 29,141 (La.App. 2 Cir. 1/31/97), 688 So.2d 1250). While a defendant is on parole, he is still in state custody. *State v. Vincent*, 387 So.2d 1097 (La.1980). Thus, the cleansing period does not begin until the defendant's parole ends.

In the present case, the State charged Defendant with three previous felony convictions: (1) possession of cocaine (conviction date October 2, 2003); (2) false impersonation of a police officer (conviction date December 11, 2003); and (3) distribution of dihydrocodeinone (conviction date February 22, 1990). The commission date of the offense for which Defendant's sentence was enhanced (failure to renew registration as a sex offender) was November 19, 2010. Since ten years did not lapse between Defendant's commission of failure to renew his registration (November 19, 2010) and Defendant's most recent prior conviction (false impersonation of a police officer - December 11, 2003), the State was not required to prove the date on which Defendant was discharged for serving his sentence for falsely impersonating a police officer. *See Boutte*, 58 So.2d 624. Additionally since false impersonation of an officer and the next previous conviction (possession of cocaine) occurred within a few months of each other (December 11, 2003 and October 3, 2003, respectively), the State was not required to prove Defendant's discharge date for the possession of cocaine conviction. It is clear that ten years did not lapse between any of these convictions.

Thus, the only remaining "link" in the ladder is the link between the discharge date for his first previous conviction (distribution of dihydrocodeinone--conviction date February 22, 1990)

and the commission of Defendant's next previous conviction (possession of cocaine--conviction date October 2, 2003). As the State notes in its brief, it introduced a letter from the Department of Public Safety and Corrections dated June 26, 2012, which shows that Defendant's parole for distribution of dihydrocodeinone (conviction date February 22, 1990) ended on June 14, 1999. This exhibit was introduced at Defendant's first habitual offender hearing without any objection. At Defendant's most recent habitual offender proceeding, the State asked the trial court to take judicial notice of the first habitual offender proceeding, which the trial court did without any objection from Defendant. It is apparent from the record that less than ten years lapsed between Defendant's June 14, 1999, discharge date for distribution of dihydrocodeinone and Defendant's conviction for possession of cocaine (October 2, 2003); thus, the State satisfied its burden of proving that less than ten years lapsed between these two previous offenses. Accordingly, the period between each of the "links" in the "ladder" were each less than ten years.

*Id*. at 4-6 (footnote omitted).

Using the foregoing analysis in the present case, Defendant's current offenses were committed on December 12, 2011. His two previous convictions included possession with intent to distribute cocaine on January 23, 2006, and armed robbery on October 26, 1998. The commission date of the offense(s) for which Defendant's sentence was enhanced was December 12, 2011. Since ten years did not lapse between the Defendant's commission of the instant offenses on December 12, 2011, and his most recent prior conviction of possession with intent to distribute cocaine, the State was not required to prove the date on which Defendant was discharged for serving his sentence for possession with intent to distribute cocaine. Additionally, since ten years did not lapse between Defendant's conviction for possession with intent to distribute cocaine and the next previous conviction which was armed robbery, the State was not required to prove Defendant's discharge date for the armed robbery conviction. Thus, counsel is correct in his assertion that the State was not required to prove Defendant's discharge dates pursuant to *Bourque*.

9

In accordance with *Anders,* 386 U.S. 738, and *Newman*, 107 So.3d 775, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was properly charged in the habitual offender bill, and he was present and represented by counsel at all crucial stages of the habitual offender and sentencing proceedings. As discussed above, Defendant's life sentence is vacated due to the presence of an error patent. Other than this patent error, our review of the record reveals no non-frivolous issues Defendant could raise on appeal. Accordingly, we grant counsel's motion to withdraw.

## DECREE

Defendant's adjudication as a habitual offender is affirmed; however, his life sentence is vacated and the case is remanded to the trial court for the appointment of defense counsel and for resentencing. The trial court is instructed to clarify which sentence(s) is (are) being enhanced and to impose a separate sentence on the remaining conviction should only one sentence be enhanced.

**HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED.**