# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 15-914

STATE OF LOUISIANA

VERSUS

JAMARLON W. PIERRE

************

**APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C 21363
HONORABLE DESIRÉE DUHON DYESS, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**HABITUAL OFFENDER SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED.**

**Edward Kelly Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:**
    Jamarlon W. Pierre

**Van Hardin Kyzar**
**District Attorney—Tenth Judicial District**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

Defendant, Jamarlon W. Pierre, is again before this court appealing his habitual offender sentences. Defendant's original convictions of attempted second degree murder and armed robbery were affirmed by this court in *State v. Pierre*, 14-1071 (La.App. 3 Cir. 5/6/15), 170 So.3d 348.[1] In a separate opinion rendered the same date, this court affirmed Defendant's adjudication as a third habitual offender, but vacated the single life sentence imposed by the trial court. *State v. Pierre*, 14-1333 (La.App. 3 Cir. 5/6/15), 165 So.3d 365.[2] This court found the single life sentence indeterminate, since both convictions (attempted second degree murder and armed robbery) were included in the habitual offender bill, and the trial court failed to specify which of the convictions was being enhanced or whether both were being enhanced. *Id.* This court granted Defendant's appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), affirmed Defendant's adjudication as a third habitual offender, vacated the life sentence, and remanded the case for the appointment of defense counsel and for resentencing. *Id.* This court instructed the trial court to clarify which sentence(s) was (were) being enhanced and to impose a separate sentence on the remaining conviction should only one sentence be enhanced. *Id.*

Pursuant to this court's remand, the trial court held a resentencing hearing on June 25, 2015. At the resentencing hearing, the trial court enhanced both

---

[1]Defendant was originally charged with attempted first degree murder, aggravated burglary, and armed robbery. *Pierre*, 170 So.3d 348. The bill of information was subsequently amended to charge Defendant with attempted second degree murder and armed robbery. *Id.* On January 22, 2014, Defendant was convicted by a jury of both counts and was subsequently sentenced on each count to forty-five years at hard labor without benefits, to run concurrently. *Id.*

[2]Pursuant to a habitual offender bill of information filed by the State in April 2014, the trial court adjudicated Defendant a third habitual offender, vacated the previously imposed sentence, and sentenced him to life without benefits. *Pierre*, 165 So.3d 365.

convictions under the habitual offender provision and imposed a life sentence without benefit of parole, probation, or suspension of sentence on each count, to run concurrently. Defendant filed a motion to appeal and is now before this court appealing his habitual offender sentences. Appellate counsel has filed a brief pursuant to *Anders*, alleging the record does not contain any non-frivolous issues for appeal; thus, he requests this court grant his accompanying motion to withdraw. For the following reasons, we affirm Defendant's habitual offender sentences and grant Defendant's appellate counsel's motion to withdraw.

## FACTS

On December 12, 2011, the victim, Conswayla Mitchell, was living in Natchitoches, Louisiana, with her fiancé, Tyrell Thomas. Mr. Thomas, a known drug dealer, was out of town at the time. At approximately 9:00 a.m., the front door of their home was kicked in, and two men entered the house. They rushed into the bedroom, and one of the men shot Ms. Mitchell. The men then took $2,200.00 and a gun from the bedroom. A tip and police investigation resulted in the arrest of several individuals, including Defendant.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of Defendant's habitual offender sentences and seeks to withdraw.

An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. "When counsel files an *Anders* brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Defrene,* 07-823, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence.

*State v. Newman*, 12-359, p. 7 (La.App. 5 Cir. 12/11/12), 107 So.3d 775, 780, *writ denied*, 13-121 (La. 6/21/13), 118 So.3d 407.

Defendant's appellate counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented in the trial court and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Since this court's remand was for resentencing only, the only possible issue in the current appeal is the trial court's resentencing of Defendant. *Pierre*, 165 So.3d 365. Defendant's appellate counsel's brief to this court recites the

procedural history of the case and asserts that there were no non-frivolous errors found after he performed a conscientious review of the record. He cites *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233, for the proposition that there was no prohibition against the trial court's enhancement of both convictions. Additionally, he notes that since the life sentences were ordered to run concurrently with one another, a claim that the sentences are excessive would be frivolous.

In accordance with *Anders* and *Newman*, we have performed a thorough review of the record, including minute entries and the resentencing transcript, and have confirmed the statements made by Defendant's appellate counsel. The only issue before the court in this appeal is Defendant's resentencing, for which Defendant was present. As stated previously, the trial court chose to enhance both of Defendant's convictions as a third habitual offender, a decision that was authorized by the supreme court in *Shaw*, 969 So.2d 1233. In *Shaw*, the supreme court allowed all five of Shaw's sentences to be enhanced as a third habitual offender, even though the sentences all stemmed from the same episode of criminal behavior. *Id. Shaw* held that "all multiple sentences imposed after a single course of criminal conduct can be enhanced under the Habitual Offender Law." *Id.* at 1235. Thus, Defendant's appellate counsel correctly asserts that there was no prohibition against the trial court's enhancement of both sentences in the present case.

Further, we find that the sentences imposed are legal in all respects. Defendant was adjudicated a third habitual offender under La.R.S. 15:529.1(A)(3)(b), which provides:

If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of the commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In adjudicating Defendant a third habitual offender, the trial court found that one of Defendant's prior offenses was a crime of violence (armed robbery), that another of Defendant's prior offenses was a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment of ten years or more (possession with the intent to distribute schedule II on 1/23/06), and that Defendant's two present convictions were both crimes of violence (attempted second degree murder and armed robbery). *Pierre*, 165 So.3d at 365. Thus, the trial court imposed the sentence mandated by La.R.S. 15:529.1(A)(3)(b) for both of Defendant's enhanced sentences—life imprisonment, without benefit of parole, probation, or suspension of sentence. The trial court also ordered the sentences to run concurrently.

Beyond the legality of the sentences, the only possible issue reviewable on appeal would be the excessiveness of the sentences. We note, however, that Defendant did not object to the sentences imposed or file a motion to reconsider sentence. In accordance with La.Code Crim.P. art. 881.1(E), the failure to make or file a motion to reconsider sentence precludes a defendant from seeking review of the sentence on appeal. Thus, even if the excessiveness of the sentences was raised as an assignment of error on appeal, review of the sentences would be precluded for failure to object or file a motion to reconsider sentence. Furthermore, Defendant neither requested nor established for the trial court that he was entitled to a downward departure from the mandatory sentences imposed. Finally, the life

sentences were ordered to run concurrently, effectively sentencing Defendant to only one life sentence. For these reasons, we find Defendant's appellate counsel is correct in his assertion that any argument as to the excessiveness of the sentences would be frivolous. Accordingly, we grant Defendant's appellate counsel's motion to withdraw.

## DISPOSITION

Defendant's habitual offender sentences are affirmed, and Defendant's appellate counsel's motion to withdraw is granted.

**HABITUAL OFFENDER SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED.**