471 So.2d 716 (1985)
STATE of Louisiana
v.
Steve CHAPMAN.
No. 83-KA-1395.
Supreme Court of Louisiana.
June 20, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mike McMahon, Nick Noreia, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, New Orleans, Orleans Indigent Defender Program, for defendant-appellant.
PER CURIAM.
The defendant, Steve Chapman, was tried by a jury and convicted of indecent behavior with a juvenile in violation of R.S. 14:81. After a hearing conducted in May of 1977, he was adjudicated a fourth offender for purposes of R.S. 15:529.1 and sentenced to twenty years at hard labor. In January of 1978, this Court then granted defendant's application for remedial writs, vacated and set aside his sentence, and remanded the case to the trial court for purposes of appointing a sanity commission "with reference to relator's mental capacity to proceed." State v. Chapman, 353 So.2d 1338, 1339 (La.1978). The trial court complied with that order, and after conducting a hearing on the commission's report in May of 1978, found that the defendant was "presently sane." The minutes for that proceeding indicate that the trial court then informed defendant of his right to appeal but did not resentence him. Therefore, defendant is not presently under sentence for his conviction.
It is settled that "... a defendant can appeal from a final judgment of conviction only where sentence has been imposed." State v. London, 316 So.2d 743 (La.1975); State v. Moore, 260 La. 299, 256 So.2d 96 (La.1971); La.C.Cr.P. art. 912. Accordingly, the appeal is dismissed and this case is remanded to the trial court for resentencing in conformity with law.
APPEAL DISMISSED: CASE REMANDED FOR RESENTENCING.