542 So.2d 154 (1989)
STATE of Louisiana
v.
RUSSLAND ENTERPRISES, INC., et al.
No. KA 88 0995.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Bryan Bush, Dist. Atty., Baton Rouge by Tom Walsh, Asst. Dist. Atty., for plaintiff-appellee.
Joseph Meyers, Jr., New Orleans, for defendants-appellants.
Before WATKINS, CRAIN and ALFORD, JJ.
*155 CRAIN, Judge.
Defendants, Russland Enterprises, Inc., Capitol Adult Video, Inc. Bryan T. Ledet, and Kenneth J. Ledet, were jointly indicted by the East Baton Rouge Parish Grand Jury for eight counts of obscenity, in violation of La.R.S. 14:106. They filed several pre-trial motions, including three separate motions to quash the prosecution. Each of the motions to quash was denied. Thereafter, the defendants pled guilty as charged, reserving their right to appeal the trial court's ruling denying two of the motions to quash. See State v. Crosby, 338 So.2d 584 (La.1976).
The court sentenced Bryan Ledet to a term of two years at hard labor. The sentence was suspended; and the court imposed an unsupervised probation term of five years, with the special conditions that he refrain from selling or renting pornographic material in the Parish of East Baton Rouge without the express permission of the court, and that he not be convicted of a criminal offense during the probationary period. Kenneth Ledet also received a suspended two-year sentence of imprisonment, with a five-year term of unsupervised probation and identical conditions. Russland Enterprises, Inc. and Capitol Adult Video, Inc. were each ordered to make restitution to the court in the amount of $7500.
Defendants appealed, urging three assignments of error. However, this Court has noticed error patent on the face of the record which requires us to remand this matter for further proceedings before we can consider defendants' appeal.

PATENT ERROR
The sentences imposed herein are illegal. Each of the defendants pled guilty to eight counts of obscenity, requiring the imposition of eight separate sentences. The record reflects that instead of imposing separate sentences for each count, the trial court imposed one sentence upon each defendant. Moreover, the sentences imposed upon the two corporate defendants are illegal in two additional respects. The transcript of the sentencing hearing reflects that, as to those defendants, the court suspended all fines and court costs, ordering as a special condition of probation that the businesses pay $7500 in "restitution" to the court, as authorized by La.C. Cr.P. art. 895.1. However, the record does not reflect that the court actually imposed sentences upon the businesses before ordering those sentences suspended and the defendant corporations placed on probation. Further, La.C.Cr.P. art. 895.1 authorizes the court to order a defendant to pay restitution only when the victim or his family has suffered a monetary loss or medical expenses. See La.C.Cr.P. art. 895.1A. Such provision is inapplicable herein. The court may order a defendant to pay a sum to the criminal court fund to defray the costs of operation of that court. La.C. Cr.P. art. 895.1B(2). However, payment ordered under this section is not made in restitution to the court and should not be styled as such.
It is well settled that a defendant can appeal from a final judgment of conviction only where sentence has been imposed. La.C.Cr.P. art. 912C(1); State v. Chapman, 471 So.2d 716 (La.1985). Hence, in the absence of valid sentences, defendants' appeals are not properly before this Court at this time. See State v. Brady, 506 So.2d 802, 803 (La.App. 1st Cir.1987). Accordingly, the invalid sentences imposed by the trial court are vacated; and we remand this matter to the court for sentencing consistent with any sentencing agreement and with the views expressed herein. After resentencing, defendants may perfect a new appeal.
SENTENCES VACATED; REMANDED FOR RESENTENCING.