657 So.2d 603 (1995)
STATE of Louisiana
v.
Jerome SOCO.
No. 94 KA 1099.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Camille A. Morvant, II, Thibodaux, for appellee, State of Louisiana.
John Bourgeois, Thibodaux, for defendant/appellant, Jerome Soco.
Before LEBLANC, PITCHER and FITZSIMMONS, JJ.
LEBLANC, Judge.
Defendant, Jerome Soco, was charged by bill of information with four counts of armed robbery, violations of La.R.S. 14:64. He pled not guilty and, after trial by jury, was found guilty of all four counts. Defendant subsequently was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence and with credit for time served. He has appealed, urging one assignment of error. This Court has noticed error patent on the face of the record which requires us to remand this matter for further proceedings before we can consider defendant's appeal.
The sentence imposed in this case is illegal. Defendant's convictions of four counts of armed robbery require the imposition of four separate sentences. Instead of imposing a separate sentence for each count, the trial court imposed one sentence of thirty years at hard labor without benefit of parole, probation, or suspension of sentence. A defendant can appeal from a final judgment of conviction only where a sentence has been imposed. La.C.Cr.P. art. 912(C)(1); State v. Chapman, 471 So.2d 716 (La.1985). Patent sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. See State v. Russland Enterprises, Inc., 542 So.2d 154, 155 (La.App. 1st Cir.1989); State v. Brady, 506 So.2d 802, 803 (La.App. 1st Cir.1987). In the absence of valid sentences, the defendant's appeal is not properly before this Court. Accordingly, the sentence imposed by the trial court is vacated, and we remand this matter to the trial court for resentencing consistent with the views expressed herein. After resentencing, defendant may perfect a new appeal.
*604 SENTENCE VACATED; REMANDED FOR RESENTENCING.