| ¡¿BECNEL, Judge Pro Tem.
The defendant, Leon Joseph Horne, was charged by bill of information with two counts of aggravated criminal damage to *229 property, violations of LSA-R.S. 14:55. He pled not guilty to each count and, after trial by jury, was found guilty as charged on both counts. He subsequently was adjudicated a third felony habitual offender and sentenced to a single sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He has appealed, urging one counseled assignment of error wherein he contends that his sentence is illegal. He also filed a pro se brief wherein he contends that there was insufficient evidence to find him guilty of the instant crimes.
Upon review of the record, we agree with the defendant’s claim that his sentence was illegal.[2] Therefore, because we find the defendant’s sentence to be illegal, we must remand this matter for further proceedings before we can consider the defendant’s pro se assignment of error regarding the merits of his convictions.
The defendant’s two convictions required the imposition of two separate sentences. Upon adjudicating the defendant to be a habitual offender, the court imposed only one enhanced sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
A defendant can appeal from a final judgment of conviction only where a sentence has been imposed. LSA-C.Cr.P. art. 912(C)(1); State v. Chapman, 471 So.2d 716 (La.1985). Patent sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. See State v. Russland Enterprises, Inc., 542 So.2d 154, 155 (La.App. 1st Cir.1989). Hence, |Rin the absence of valid sentences, the defendant’s appeal is not properly before this court.
Additionally, we note that the defendant’s adjudication as a habitual offender was defective because the petition charging him as a habitual offender failed to specify which of the two convictions was being enhanced and at the sentencing hearing, neither the trial court nor the prosecutor cured the defect. Therefore, we can only conclude that the single sentence imposed herein was intended to enhance both Convictions pursuant to LSA-R.S. 15:529.1. However, multiple convictions obtained on the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the habitual offender law in sentencing. State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). These convictions were obtained the same day and arose out of the same criminal episode.
Accordingly, the instant sentence and habitual offender adjudication(s) must be vacated and remanded to the trial court for resentencing on both convictions with the adjudication and sentence as a habitual offender to be limited to one of the two convictions. See State ex rel. Porter v. Butler, 573 So.2d at 1109. Thereafter, the trial court shall impose two separate sentences, whether one or more convictions are being enhanced pursuant to LSA-R.S. 15:529.1. After resentencing, defendant may perfect a new appeal. State v. Soco, 94-1099 (La.App. 1 Cir. 6/23/95), 657 So.2d 603.
DECREE
For the foregoing reasons, the habitual offender adjudication and sentence are vacated, and the matter is remanded to the trial court for further proceedings consistent with the instructions herein.

. We further note that, according to its brief filed with this court, the. state agrees that the defendant’s sentence was illegal.