952 So.2d 21 (2006)
STATE of Louisiana
v.
Janis WALDER.
No. 2006 KA 1239.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*22 Walter P. Reed, District Attorney, Covington, Kathryn Landry, Special Appeals Counsel, Baton Rouge, Counsel for Appellee State of Louisiana.
Marion B. Farmer, Covington, Miles G. Trapolin, New Orleans, Nancy L. Penton, Covington, Counsel for Appellant Janis Walder.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
The defendant, Janis Walder, was charged by bill of information with 123 counts of aggravated cruelty to animals in violation of La. R.S. 14:102.1. She initially pled not guilty to all charges. Prior to trial, the defendant withdrew her not guilty plea and pled guilty as charged. Following a thorough Boykin examination, the trial court accepted the defendant's guilty plea. The defendant was sentenced to imprisonment at hard labor for ten *23 years. The court suspended the sentence and placed the defendant on probation for five years with the following special conditions of probation: 1) pay supervision fees during the course of probation; 2) submit to random drug screens at the request of the probation officer at her expense; 3) the defendant is to have no more than one pet, and it must be spayed or neutered; 4) the defendant is to undergo a mental health evaluation and treatment if recommended; and the defendant is to make restitution if deemed appropriate.[1] The defendant was also ordered to pay a fine of $5000.00 and costs. Following a restitution hearing, the trial court ordered the defendant to pay approximately $46,679.00 in restitution.[2] The defendant moved for reconsideration of the restitution order. The trial court denied the motion. The defendant now appeals urging the following assignments of error:
1) The trial court erred in denying the defendant's Motion to Reconsider the Restitution Order because restitution was improperly ordered as a matter of law as the criminal statute under which the defendant pled contained no provision for the payment of restitution.
2) The trial court erred by denying the defendant's Motion to Reconsider Restitution Order because restitution may only be awarded to those agencies identified by statute.
3) The trial court erred by ordering that restitution be paid because St. Tammany Parish became the owner of the animals after the defendant executed an authentic act of transfer of the animals to the Parish.
Having found patent sentencing error, we vacate the sentence and remand the matter to the trial court for further proceedings.

FACTS
Because defendant stipulated to the factual basis of the offenses and subsequently pled guilty, the facts of the case were never fully developed for the record. Testimony presented at the restitution hearing in this case established that the St. Tammany Parish Sheriffs Office seized approximately 119 dogs, 44 horses and seven turtles from the defendant's Lacombe, Louisiana residence in connection with a complaint of companion animal hoarding. The condition of the defendant's residence was described as deplorable, and many, if not all, of the animals were in extremely poor health.

PATENT SENTENCING ERROR
This court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under La.Code Crim. P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After reviewing the record herein, we have discovered a patent sentencing error that requires us to remand this matter to the trial court for further proceedings.
As previously noted, the defendant pled guilty to 123 counts of aggravated cruelty to animals. Although the August 13, 2005 *24 minute entry reflects that the trial court imposed "concurrent" sentences "on each count," the sentencing transcript for that date indicates otherwise. At the time of sentencing, the trial court stated:
. . . having been adjudicated guilty today in Case Number 379358 of the crime of, counts one through 123, to the crime of Revised Statute 14:102.1(B) aggravated cruelty to animals, the defendant is sentenced as follows:
She is sentenced to 10 years with the Department of Corrections. That would be suspended. She will be placed on five years supervised active probation, subject to the general term and condition of probation, which are a part of the minutes of this court, and which have been discussed with the defendant, and which the defendant indicated that she understood.
The transcript is devoid of any reference to multiple and/or concurrent sentences.
It is well settled that in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La. 1983). Thus, the sentence imposed in this case is illegal. Each of the defendant's convictions of 123 counts of aggravated cruelty to animals requires the imposition of a separate sentence. See State v. Soco, 94-1099, p. 2 (La.App. 1st Cir.6/23/95), 657 So.2d 603. Instead of imposing 123 separate sentences, the trial court imposed one sentence of ten years at hard labor, suspended, and one $5,000.00 fine. While a defendant may plead guilty in exchange for a specific sentence or sentencing range or cap as part of a stipulation agreement with the State, such an agreement may not contravene the requirement that a defendant convicted of multiple convictions be sentenced separately for each of those convictions. It is well settled that patent sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. See State v. Russland Enterprises, Inc., 542 So.2d 154, 155 (La.App. 1st Cir.1989).
Pursuant to Louisiana Constitution Article V, § 10(A), as amended, this court has appellate jurisdiction of criminal matters. It is well settled that a defendant can appeal from a final judgment of conviction only where sentence has been imposed. La.Code Crim. P. art. 912(C)(1); State v. Chapman, 471 So.2d 716 (La.1985) (per curiam). In the absence of valid sentences, the defendant's appeal is not properly before this court. Accordingly, we must vacate the single sentence imposed and remand the matter to the trial court for sentencing in conformity with the law. While we normally would pretermit consideration of any assignments of error, because each of the errors assigned herein challenges the validity of the sentence, in the interest of judicial efficiency, we will consider them.

ASSIGNMENTS OF ERROR 1 & 2
In these assignments of error, the defendant contends the trial court erred in ordering the payment of restitution in this case because La. R.S. 14:102.1, the criminal statute under which she pled guilty, does not contain a provision for the payment of restitution and La.Code Crim. P. art. 895.1, the article governing restitution as a condition of probation, does not provide for restitution to the agencies ordered herein. In response, the State argues that the defendant was made aware at the time of the guilty plea that she would be required to pay restitution. Thus, the State contends, the defendant should not be allowed to attack the payment of restitution, a condition to which she agreed on the record. The State further argues that La. R.S. 14:102.2 authorizes the trial court to order the payment of boarding and/or *25 veterinary expenses for animals seized as a result of the defendant's cruelty. Therefore, the State asserts, the trial court's restitution order is valid and should be upheld.
Initially, we note the defendant is correct in her assertion that La. R.S. 14:102.1 does not authorize the payment of restitution, nor does La.Code Crim. P. art. 895.1 authorize, as a condition of probation, payment of restitution to many of the parties ordered herein.[3] However, as the State correctly points out, La. R.S. 14:102.2(D), the statute governing the seizure and disposition of animals cruelly treated, specifically provides that "[u]pon a person's conviction of cruelty to animals, it shall be proper for the court, in its discretion, to order the forfeiture and final determination of the custody of any animal found to be cruelly treated. . . . The court may, in its discretion, order the payment of any reasonable or additional costs incurred in the boarding or veterinary treatment of any seized animal prior to its disposition[.]" Thus, it was proper for the court to order the defendant to pay reasonable expenses for the boarding and veterinary care for her animals prior to disposition. These assignments of error lack merit.

ASSIGNMENT OF ERROR 3
By this assignment of error, the defendant challenges the amount of restitution ordered by the trial court in this case. The defendant contends the trial court erred in ordering payment of expenses for the entire time the animals were in the custody of the various agencies when she transferred ownership of the animals to the parish shortly after their seizure. The defendant argues that, as of the date of the transfer of ownership of the animals, the parish of St. Tammany, as the sole owner of the animals, was responsible for the expenses associated with their boarding and treatment. The defendant further asserts that any of the expenses incurred during the six days between the seizure of the animals and the transfer of ownership should be offset by the proceeds from the sale of the horses.
Louisiana Revised Statutes 14:102.2 provides as follows:
A. When a person is charged with cruelty to animals, said person's animal may be seized by the arresting officer and held pursuant to this Section.
B. (1) The seizing officer shall notify the owner of the seized animal of the provisions of this Section by posting written notice at the location where the animal was seized or by leaving it with a person of suitable age and discretion residing at that location within twenty-four hours of the seizure.
(2) The seizing officer shall photograph the animal within fifteen days after posting of the notice of seizure and shall cause an affidavit to be prepared in order to document its condition in accordance with R.S. 15:436.2.
(3) The seizing officer shall appoint a licensed veterinarian or other suitable custodian to care for any such animal. The custodian shall retain custody of the animal in accordance with this Section.
(4) The seized animal shall be held by the custodian provided for in Paragraph (3) for a period of fifteen consecutive days, including weekends and holidays, after such notice of seizure is given. Thereafter, if a person who claims an interest in such animal has not posted bond in accordance with Subsection C, *26 the animal may be humanely disposed of by sale, adoption, or euthanasia.
C. A person claiming an interest in any animal seized pursuant to this Section may prevent the disposition of the animal as provided for in Subsection B by posting a bond with the court within fifteen days after receiving notice of such seizure in an amount sufficient to secure payment for all reasonable costs incurred in the boarding and treatment for any seized animal for a thirty-day period commencing on the date of initial seizure. Such bond shall not prevent the department, agency, humane society, or other custodian of the animal from disposing of the animal in accordance with Subsection B at the end of the thirty-day period covered by the bond, unless the person claiming an interest posts an additional bond for such reasonable expenses for an additional thirty-day period. In addition, such bond shall not prevent disposition of the animal for humane purposes at any time, in accordance with Subsection E of this Section. The amount of the bond shall be determined by the department, agency, humane society or other custodian of the animal as authorized by the court in accordance with the current rate for board and on the condition of the animal after examination by a licensed veterinarian.
D. Upon a person's conviction of cruelty to animals, it shall be proper for the court, in its discretion, to order the forfeiture and final determination of the custody of any animal found to be cruelly treated in accordance with this Section and the forfeiture of the bond posted pursuant to Subsection C as part of the sentence. The court may, in its discretion, order the payment of any reasonable or additional costs incurred in the boarding or veterinary treatment of any seized animal prior to its disposition, whether or not a bond was posted by the defendant. In the event of the acquittal or final discharge without conviction of the accused, the court shall, on demand, direct the delivery of any animal held in custody to the owner thereof and order the return of any bond posted pursuant to Subsection C, less reasonable administrative costs.
E. Nothing in this Section shall prevent the euthanasia of any seized animal, at any time, whether or not any bond was posted, if a licensed veterinarian determines that the animal is not likely to survive and is suffering, as a result of any physical condition. In such instances, the court, in its discretion, may order the return of any bond posted, less reasonable costs, at the time of trial. (Emphasis added.)
The record in the case establishes that the defendant executed a "Transfer of Animals" on March 16, 2004, only six days after the March 10, 2004 seizure. The transfer document specifically provided, "Walder understands and acknowledges that upon signing this transfer of ownership of the animals, St. Tammany has sole ownership and control of the animals and that St. Tammany has the sole right to determine the disposition of the animals which includes but is not limited to the sale, adoption or destruction of the animals." Because La. R.S. 14:102.2, the only statute authorizing the type of expenses involved in this case, clearly contemplates continued ownership of the seized animals, we find that the trial court erred in ordering the defendant to pay boarding and veterinary expenses for the animals after she no longer owned them. This assignment of error has merit.
Insofar as the defendant argues that the proceeds of the sale of the horses should be used to offset the amount of *27 restitution she owed, we find this argument to be without merit. While the defendant cannot be held responsible for expenses incurred during the period after she ceased to own the animals, she likewise cannot benefit from the sale of animals she no longer owned. The record before us establishes that the horses seized from the defendant's residence were sold at a public livestock sale on April 17, 2004, approximately one month after the transfer of ownership. The transfer of ownership document provided that the "proceeds from the sale of the horses shall be used to defray the costs of the upkeep of the dogs, horses, and turtles." The costs to be defrayed by these proceeds are the costs incurred by the parish during its ownership of the animals. Because the defendant had already relinquished ownership of the horses by the date of the sale, the defendant is not entitled to benefit from the proceeds of the sale. This portion of the defendant's argument lacks merit.

DECREE
For the foregoing reasons, this matter is remanded to the trial court for resentencing, and the trial court is instructed to conduct a reopened restitution hearing to determine the amount of expenses incurred from the date of the seizure of the animals in question to the date of the transfer of ownership of the animals to the parish. The trial court may, in its discretion, order the defendant to pay these expenses. After resentencing, the defendant may perfect a new appeal.
SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
PETTIGREW, J., concurs in part, dissents in part, and assigns reasons.
HUGHES, J., dissents.
PETTIGREW, J., concurring in part, and dissenting in part.
I agree with the majority that we should remand this case for proper sentencing. I disagree with the majority in its addressing appellant's assignment of errors.
As stated in the majority's opinion on page 5, a defendant can appeal from a final judgment of conviction only where a sentence has been imposed. In the absence of a valid sentence, we have no jurisdiction to consider defendant's appeal and, thus, should not be addressing his assignments of error, as it amounts to dicta and an advisory opinion.
NOTES
[1] The trial court subsequently rescinded the condition of probation which allowed the defendant to have a pet.
[2] The defendant was ordered to pay $10,374.93 to the St. Tammany Animal Services, $5,000.00 to the St. Tammany Parish Sheriff's Office, $10,985.00 to Mr. Lee Maubray, $5,619.27 to PAWS, $3,750.00 to the City of Slidell, $6,000.00 to The Humane Society, and $4,950.00 to the Southern Animal Foundation.
[3] Under La.Code Crim. P. art. 895.1, which specifically enumerates the parties who may receive restitution as a condition of probation, the St. Tammany Parish Sheriff's Office is the only agency to which the trial court was authorized to order restitution.