STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 0278

STATE OF LOUISIANA

VERSUS

MERREL A. PORCHE

*Judgment Rendered:*     SEP 2 7 2019

* * * * * * * *

Appealed from the
20th Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Case No. 16-WFLN-311

The Honorable William G. Carmichael, Judge Presiding

* * * * * * * *

Samuel C. D'Aquilla                    Counsel for Plaintiff/Appellant
District Attorney                      State of Louisiana
Stewart B. Hughes
Assistant District Attorney
St. Francisville, Louisiana


Thomas C. Damico                       Counsel for Defendant/Appellee
Baton Rouge, Louisiana                 Merrel A. Porche


* * * * * * * *


BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Chutz, J. - Concurs with REASONS

**THERIOT, J.**

The defendant, Merrel A. Porche, was charged by bill of information with residential contractor fraud at a value of one thousand five hundred dollars or more, a violation of La. R.S. 14:202.1 (prior to amendment by 2017 La. Acts, No. 281, § 1).[1] He initially pled not guilty, but later withdrew his not guilty plea and subsequently pled nolo contendere to five counts of misapplication of payments by a contractor, violations of La. R.S. 14:202. The trial court initially sentenced the defendant to six months imprisonment in parish jail on each count, suspended the sentences, and placed the defendant on supervised probation for a period of two years on each count, to be served consecutively. After a hearing to determine what amount, if any, should be paid in restitution, the trial court found that the amount of restitution had not been shown to the trial court's satisfaction and ruled that no restitution would be ordered in connection with the defendant's sentence. The trial court later vacated the original sentences and imposed a fine of one thousand dollars plus court costs or a jail term of ninety days in default of payment of the fine. The State now appeals, assigning error to the resentencing and the trial court's failure to order restitution. For the following reasons, we vacate the sentence and remand for resentencing.

## STATEMENT OF FACTS

As the defendant pled nolo contendere on each count, there was no trial, and thus, no trial testimony concerning the offenses. According to the bill of information, on or about March 7, 2016, the defendant failed to apply the payments received under a contract to settle claims for material and labor due under the

---

[1] Based on the same circumstances as in this case, the State filed a separate bill of information charging Brian Moser, and the proceedings were joined below. In the **Moser** case, the State filed a separate appeal in this court raising the same issues raised herein. See **State v. Moser**, 2019-0277 (La. App. 1st Cir. _/_/_), ___ So.3d___.

contract. At the **Boykin**[2] hearing, it was indicated that the amount misapplied was greater than one thousand dollars. See La. R.S. 14:202(C).

## PATENT SENTENCING ERROR

Under La. Code Crim. P. art. 920(2), this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error. As previously noted, the defendant pled nolo contendere to five counts of misapplication of payments by a contractor, and the trial court originally imposed a separate sentence on each count, to run consecutively. However, the trial court subsequently vacated those sentences and resentenced the defendant to "a fine in the amount of $1,000 plus costs of court or serve 90 days in the parish jail." While the trial court had authority to amend the sentencing[3] under La. Code Crim. P. art. 881, the defendant's nolo contendere pleas on five counts require the imposition of five separate sentences. See **State v. Walder**, 2006-1239, pp. 4-5 (La.App. 1 Cir. 12/28/06), 952 So.2d 21, 24, **writ granted in part, judgment amended on other grounds**, 2007-0198 (La. 10/5/07), 965 So.2d 865; **State v. Horne**, 1999-2192, pp. 2-3 (La.App. 1 Cir. 9/22/00), 768 So.2d 228, 229; **State v. Soco**, 1994-1099 (La.App. 1 Cir. 6/23/95), 657 So.2d 603, 603.

The trial court's failure, in amending the sentencing, to impose a separate sentence for each of the five counts is a sentencing error. See **Soco**, 657 So.2d at 603; see also **State v. Russland Enterprises, Inc.**, 542 So.2d 154, 155 (La.App. 1 Cir. 1989). In the absence of valid sentences, this appeal is not properly before this court, and hence, we do not address the assignments of error raised. See **State v. Kitts**, 2017-0777, pp. 2-3 (La.App. 1 Cir. 5/10/18), 250 So.3d 939, 945-46. Thus,

---

[2] **Boykin v. Alabama**, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969).

[3] Although the State, in part, argues on appeal that the original sentences were imposed pursuant to a sentencing agreement, we note that a sentencing agreement was not set forth in the record at the time of the pleas.

we hereby vacate the single sentence imposed by the trial court and remand the matter to the trial court for resentencing in conformity with the law. After resentencing, the State (or defendant) may perfect a new appeal.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

STATE OF LOUISIANA

VERSUS

MERREL A. PORCHE

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KA 0278

CHUTZ, J., concurring.

I agree with the majority's action of vacating the single sentence imposed by the trial court and its remand for resentencing in conformity with the law. In that regard, I write separately to note that the trial court correctly vacated the sentences imposed pursuant to the plea agreement. By sentencing defendant to six months in the parish jail, suspended, and placing him on probation for two years, to be served *consecutively* on each of the five counts of violation of La. R.S. 14:202 with which he was charged in the bill of information, without having advised defendant of his right to a trial by jury, the sentence was illegal. See La. Const. art. I, §17 ("A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons.... Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable."). See also *State v. Hornung*, 620 So.2d 816, 817 (La.1993) (when the total potential punishment for the consolidated offenses exceeds six months imprisonment, defendant is entitled to a trial by jury).

Additionally, I point out that under La. C.Cr.P. art. 493:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

And according to La. C.Cr.P. art. 493.1:

Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both.

To the extent that in the amended bill of information with which defendant was charged and pled nolo contendere to five counts of violating the misdemeanor offense of La. R.S. 14:202, the maximum aggregate penalty that the trial court may impose shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both. While it appears to me that the trial court attempted to issue an amended sentence in conformity with the provisions of Article 493.1, because defendant pled nolo contendere to five counts, I agree with the majority that its failure to impose a sentence for each of the five counts constituted sentencing error. Accordingly, I concur.