# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2019 KA 0277

## STATE OF LOUISIANA

## VERSUS

## BRIAN MOSER

Judgment Rendered: **SEP 2 7 2019**

* * * * *

On Appeal from the
20th Judicial District Court,
Parish of West Feliciana, State of Louisiana
Trial Court No. 16-WFLN-302
The Honorable William G. Carmichael, Judge Presiding

* * * * *

| | |
|---|---|
| Samuel C. D'Aquilla<br>District Attorney<br>Stewart B. Hughes<br>Haley Major Green<br>Assistant District Attorneys<br>St. Francisville, Louisiana | Attorneys for Appellant,<br>The State of Louisiana |
| Michael A. Fiser<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Brian Moser |

* * * * *

BEFORE:  WHIPPLE, C.J., GUIDRY AND CRAIN, JJ.

**CRAIN, J.**

The defendant, Brian Moser, pled *nolo contendere* to five counts of misapplication of payments by a contractor. *See* La. R.S. 14:202. (R. 3, 40-42). The trial court sentenced the defendant on each count to six months in parish jail, to be served consecutively. The trial court suspended the sentences and, for each count, placed the defendant on supervised probation for a period of two years, conditioned upon payment of restitution in an amount to be determined at a restitution hearing. The trial court found the restitution amount not satisfactorily proven at the hearing; therefore, no restitution was ordered. The trial court then indicated it wanted to further consider the sentence and set another sentencing hearing. After that hearing, the trial court sentenced the defendant to pay a fine of one thousand dollars plus court costs or a jail term of ninety days in default of payment, clarifying that "any prior discussion [was] vacated." The State now appeals, arguing the trial court erred in resentencing the defendant to terms different from the plea agreement and in ordering no restitution.[1] Due to sentencing error, we vacate the sentence and remand for resentencing.

**PATENT ERROR**

Pursuant to Louisiana Code of Criminal Procedure article 920(2), this court reviews all criminal appeals for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. Here, the defendant's pleas resulted in five convictions; therefore, the trial court was required to impose five separate sentences. *See State v. Smith*, 16-1542, 2017WL2399027, *2 (La. App. 1 Cir. 6/2/17); *State v. Soco*, 94-1099 (La. App. 1 Cir. 6/23/95), 657 So. 2d 603. The trial court originally imposed a separate sentence on each count, but vacated those

---

[1]    Merrel A. Porche likewise pled *nolo contendere* to five counts of misapplication of payments by a contractor and received the same sentence as the defendant. The state's appeal of Porche's sentence is also pending before this court. *See State v. Porche*, 19-0278 (La. App. 1 Cir. __/__/19), ___ So. 3d ___.

2

sentences and imposed a single sentence comprised of a $1,000 fine or a 90-day jail term in default of payment. *See* La. Code Crim. Pro. art. 881A. The single sentence for five convictions is invalid. Thus, we vacate the sentence and remand for resentencing. *See Smith*, 2017WL2399027 at *2; *Soco*, 657 So. 2d at 603; *see also State v. Kitts*, 17-0777 (La. App. 1 Cir. 5/10/18), 250 So.3d 939, 945-46.

**SENTENCE VACATED; REMANDED.**