STATE OF LOUISIANA       *       NO. 2020-KA-0386

VERSUS       *       COURT OF APPEAL

PERCY PLATT       *       FOURTH CIRCUIT

      *       STATE OF LOUISIANA

      *

      *

* * * * * * *

**LEDET, J., DISSENTS WITH REASONS**

The majority finds that Mr. Platt is primarily responsible for the loss of his trial transcript for two reasons: first, he absconded; and second, he made no effort to preserve the record in this case. Finding neither of these reasons persuasive, I respectfully dissent.

Regarding the fact that Mr. Platt absconded, a single fact distinguishes this case from all of the jurisprudence cited by the majority: the State knew that Mr. Platt was in custody in South Carolina and chose not to extradite him. In my view, that fact makes this case analogous to *State v. Stewart*, 15-1845 (La. 5/12/17), 219 So.3d 306. There, the Louisiana Supreme Court held that, although the defendant's failure to appear worked an interruption of the statutory limitation on the commencement of trial, that interruption ceased when the State learned of the defendant's presence in federal custody. Thus, in the *Stewart* case, the Louisiana Supreme Court imposed on the State—if it wished to continue with the proceeding against the defendant—the obligation to extradite him.

I would find that, as in *Stewart*, once the State learned that Mr. Platt was in custody in South Carolina, the State—if it wished to continue the proceeding against him—had the obligation to extradite him to Louisiana for sentencing. The State declined to do so. As a result, Mr. Platt remained in custody in South Carolina for seventeen years, unable to be sentenced and, thus, unable to pursue an

1

appeal.[1] *See* La. C.Cr.P. art. 912 (providing that "[o]nly a final judgment or ruling is appealable" and providing, as an example of such final judgments, "a judgment imposing sentencing"); *see also State v. Chapman*, 471 So.2d 716, 716 (La. 1985) (observing that "[i]t is settled that a defendant can appeal from a final judgment of conviction only where sentence has been imposed") (internal quotations marks and alterations omitted); *State v. Barbain*, 15-0404, p. 1, n. 1 (La. App. 4 Cir. 11/4/15), 179 So. 3d 770, 773 (citing *Chapman*, *supra*, for the same proposition).

Regarding Mr. Platt's failure to make efforts to preserve the record for appeal, the majority cites no authority for the proposition that a criminal defendant awaiting sentence in Louisiana while incarcerated out of state has an obligation—or, indeed, the ability—to do anything to preserve the record of the proceedings against him. To the contrary, it is the obligation of court reporters and clerks of court to ensure that the proceedings against criminal defendants are recorded and that such records are preserved—precisely so that defendants can avail themselves of the right to appeal guaranteed by La. Const. Art. I, § 19.[2] Moreover, the procedure for producing transcripts in connection with an appeal is unavailable to a defendant until a motion for appeal has been granted, which, as previously

---

[1] The majority suggests, without discussion or citation to authority, that Mr. Platt could have had himself returned to Louisiana by filing a petition for *habeas corpus*. This is a questionable proposition. A state court has no authority to issue orders to another state; and although a federal court may have such authority, the scope of federal *habeas* review is narrow—it extends only to issues arising under the federal constitution. No such issue has been raised in this case.

[2] *See* La. C.Cr.P. art. 777 (providing that "[a] record of the trial proceedings shall be made in accordance with other provisions of law"); La. C.Cr.P. art. 843 (providing that "[i]n felony cases, . . . the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel") and cmt. c to La. C.Cr.P. art. 843 (providing that "[n]o reservation of bills of exceptions is required" to preserve the record and that "[t]herefore, Art. 843 provides for the recordation of proceedings to be available to be transcribed if designated to support an assignment of error"); La. C.Cr.P. art. 917 (providing, in relevant part, that "[t]he clerk of the trial court shall prepare the record on appeal and lodge it with the appellate court on or before the return date or any extension thereof); La. C.Cr.P. art. 919(A) (providing, in relevant part, that "[e]ach court reporter assigned to prepare any transcript necessary to complete the appeal record shall deliver the transcript to the clerk of the trial court who has the duty of preparing the record for appeal"); La. C.Cr.P. art. 919.1(A) (providing, in relevant part that, "[f]ailure of any person to comply with Articles 914 through 919 may subject such person to contempt of court").

discussed, Mr. Platt was unable to file because he had not yet been sentenced. *See* La. C.Cr.P. art. 914.1(A) (providing, in relevant part, that "[a] transcript of any portion of the proceedings which does not relate to anticipated assignment of errors shall not be furnished to a party for purposes of appeal"). Thus, contrary to the majority's observation that Mr. Platt "did not act to preserve the record, knowing that he faced sentencing in the future," Mr. Platt could have done nothing from his South Carolina prison cell that would have preserved his trial transcript.

Accordingly, I would find that the loss of Mr. Platt's trial transcript is primarily attributable to the State's decision not to extradite him; I would vacate his convictions and sentences; and I would remand the case for further proceedings. *State v. Sublet*, 05-0123, p. 6 (La. App. 4 Cir. 5/18/05), 904 So.2d 778, 782 (finding that the unavailability of the trial transcript was not primarily due to the defendant's inaction and that, accordingly, the proper remedy was to vacate the defendant's conviction and sentence and to remand the case for further proceedings).