## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 KA 1327

STATE OF LOUISIANA

VERSUS

MARTIN WESLEY MORGAN, SR.

Judgment rendered: **OCT 0 8 2021**

* * * * *

On Appeal from the
Twenty-first Judicial District Court
In and for the Parish Livingston, State of Louisiana
State of Louisiana
No. 37824, Division A

The Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Scott M. Perrilloux
District Attorney
Zachary Daniels
John Gregory Murphy
Assistant District Attorneys
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana


Gwendolyn K. Brown
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Martin Wesley Morgan, Sr.

* * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**HOLDRIDGE, J.**

The defendant, Martin Wesley Morgan, Sr., was charged by an amended grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1, and obstruction of justice, a violation of La. R.S. 14:130.1.[1] He pled not guilty on both counts.[2] After a trial by jury, he was found guilty as charged on both counts.[3] The trial court denied the defendant's motions for new trial and post-verdict judgment of acquittal. The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count one, but did not impose a sentence on count two.[4] The trial court denied the defendant's motion to reconsider sentence.

The defendant now appeals, assigning error to the validity of his conviction on count two by a non-unanimous jury verdict and the trial court's failure to impose a sentence on each count. The defendant does not challenge the conviction or sentence on count one. For the following reasons, we affirm the conviction and sentence on count one, set aside the conviction on count two, and remand for further proceedings.

---

[1] The indictment originally charged the defendant with count one only and was later amended to add count two. As also reflected in the indictment, co-defendant Duane Joseph Bissell was charged with the same offenses; however, the cases were severed. The record does not contain the disposition in the Bissell case, and he has not filed an appeal in this court as of this writing.

[2] The minutes reflect that prior to the amendment of the grand jury indictment, the defendant pled not guilty on count one. As to count two, the minutes state that the defendant was arraigned after the State amended the grand jury indictment but do not state the defendant's plea on the added charge. Nevertheless, the fact that a defendant does not plead is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty. La. C.Cr.P. art. 555.

[3] As discussed herein, while the verdict on count one was unanimous, the verdict on count two was eleven to one.

[4] As to each count, in the uniform commitment order, the word "life" is handwritten in the sections for the sentences. However, as reflected in the minutes and sentencing transcript, the trial court only imposed one sentence. Further, the sentencing transcript indicates that the imposed sentence was on count one, second degree murder. As such, the trial court did not impose a sentence on count two. Where there is a discrepancy between the minute entry or commitment order and the transcript, the transcript should prevail. See **State v. Lynch**, 441 So.2d 732, 734 (La. 1983); **State v. Maize**, 2016-575 (La. App. 5 Cir. 6/15/17), 223 So.3d 633, 656, writ denied, 2017-1265 (La. 4/27/18), 241 So.3d 306.

2

## ASSIGNMENTS OF ERROR: CONSTITUTIONALITY OF THE NON-UNANIMOUS JURY VERDICT ON COUNT TWO AND FAILURE TO IMPOSE A SENTENCE ON COUNT TWO

In assignment of error number one, the defendant notes that the verdict with respect to count two was not unanimous. He cites **Ramos v. Louisiana,** ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), and contends that while the verdict was legal at the time it was returned, it must now be reversed and a new trial ordered. He notes that while the issue was not preserved for appellate review, the matter should nevertheless be recognized as error patent on the face of the record. In a combined argument on assignment of error number two, the defendant notes that the trial court failed to impose a sentence on count two. He concludes that the lack of a sentence on count two is moot, as the conviction must be vacated under **Ramos.** In its appellee brief, the State agrees that the conviction on count two should be set aside and that the defendant is entitled to a new trial on count two only. The State also concedes that the trial court failed to impose a sentence on count two and agrees that the issue is moot.

At the outset, we note that it is well settled that a defendant can appeal from a final judgment of conviction only where a sentence has been imposed. La. C.Cr.P. art. 912(C)(1); **State v. Chapman,** 471 So.2d 716 (La. 1985) (per curiam). As previously noted, in this case the sentencing transcript reflects that the trial court only imposed a sentence on count one, second degree murder. The trial court did not impose a sentence on count two. In the absence of a valid sentence, the conviction on count two is not properly before this court on appeal. See **State v. Kitts,** 2017-0777 (La. App. 1 Cir. 05/10/18), 250 So.3d 939, 945. When the trial court fails to impose a sentence on one or more counts, this court routinely addresses the assignments of error pertaining only to the count(s) for which sentence was imposed and remands the case for imposition of sentence on any count for which sentence was not imposed, noting that after sentencing, the

3

defendant may perfect a new appeal in regard to that count. See **Kitts**, 250 So.3d at 945-46; **State v. Howard**, 2017-0779 (La. App. 1 Cir. 12/21/17), 2017 WL 6524547 at *1, writ denied, 2018-0165 (La. 11/20/18), 256 So.3d 998; **State v. Blackburn**, 2009-0178 (La. App. 1 Cir. 6/12/09), 2009 WL 1655484 at *4. However, a meritorious challenge to the constitutionality of a conviction under **Ramos**, based on the non-unanimity of the verdict, warrants the verdict and any sentence imposed thereon be vacated. See **State v. Warren**, 2019-1410 (La. App. 1 Cir. 7/24/20), 2020 WL 4250839 at *3. Thus, in the interest of judicial efficiency, we will now address the defendant's argument regarding the constitutionality of the conviction on count two.[5]

In **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[6] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). The **Ramos** Court held that the right to a jury trial under the Sixth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. 140 S.Ct. at 1397. The **Ramos** Court further noted that the ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Thus, where the defendant's conviction was not final when **Ramos** was decided, the holding of **Ramos** applies. **Id.**; see also **State v. Cohen**, 2019-00949 (La. 1/27/21), 315 So.3d 202, 203 (per curiam) (wherein the court observed that the

---

[5] As the defendant concedes, he did not object to the verdict or challenge the constitutionality of the verdict in the trial court below. In such cases, the Louisiana Supreme Court has instructed this court "[i]f the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review." **State v. Boyd**, 2019-00953 (La. 6/3/20), 296 So.3d 1024, 1025 (per curiam); see La. C.Cr.P. art. 920(2).

[6] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

4

defendant's appeal "was pending on direct review when **Ramos v. Louisiana** was decided, and therefore the holding of **Ramos** applies").

A written jury poll was conducted in this matter, and the polling results were made a part of the record. See La. C.Cr.P. art. 812. The polling slips and the trial transcript show that the jury unanimously found the defendant guilty as charged on count one but voted eleven to one in reaching a verdict of guilty as charged on count two. Accordingly, we find merit in assignment of error number one. Further, we agree that the issue raised in assignment of error number two, the failure of the trial court to impose a sentence on count two, is rendered moot. Therefore, the conviction on count two must be vacated, and this case is remanded to the district court for further proceedings.

**CONVICTION AND SENTENCE ON COUNT ONE AFFIRMED; CONVICTION ON COUNT TWO SET ASIDE; REMANDED WITH INSTRUCTIONS.**