# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

WHITNEY LOSTON

NO. 2022 KW 1179

**JANUARY 09, 2023**

---

In Re:     Whitney Loston, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, No. 2009-181129/03162554.

---

**BEFORE:     THERIOT, CHUTZ, AND HESTER, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** It is well settled that a trial court commits error when in sentencing for multiple counts, it does not impose a separate sentence for each count. See **State v. Walder**, 2006-1239 (La. App. 1st Cir. 12/28/06), 952 So.2d 21, writ granted in part, judgment amended on other grounds, 2007-0198 (La. 10/5/07), 965 So.2d 865. See also **State v. Porche**, 2019-0278 (La. App. 1st Cir. 9/27/19), 288 So.3d 802. The imposition of a single sentence of twenty-five years in this matter for multiple convictions is invalid. Thus, we vacate the sentence and remand for resentencing.

Further, at the time relator committed the offenses in 2003, La. R.S. 14:64.3, the armed robbery enhancement penalty, did not impose a hard labor requirement. Therefore, the sentence[s] to be imposed on the armed robbery with a firearm count[s] should not include the provision that the sentence be served at hard labor.

Accordingly, the ruling of the trial court which denied the motion to correct an illegal sentence is reversed and the motion is granted. The sentence is vacated, and the matter is remanded with **ORDER** to resentence relator. Relator's application is otherwise denied.

MRT
WRC
CHH

COURT OF APPEAL, FIRST CIRCUIT

_a.$\mathcal{S}$w_

DEPUTY CLERK OF COURT
FOR THE COURT