# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 KA 0072

## STATE OF LOUISIANA

## VERSUS

## JASON LEON GRIFFIN

*DATE OF JUDGMENT:*   **SEP 1 5 2023**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 53052020, DIVISION H

HONORABLE ALAN A. ZAUNBRECHER, JUDGE

* * * * * *

| | |
|---|---|
| Warren LeDoux Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Plaintiff-Appellee<br>State of Louisiana |
| Gwendolyn K. Brown<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellant<br>Jason Leon Griffin |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ

Disposition: **SENTENCE VACATED AND REMANDED TO DISTRICT COURT FOR
RESENTENCING.**

**CHUTZ, J.**

The defendant, Jason Leon Griffin, was charged by bill of information with possession with intent to distribute a schedule I controlled dangerous substance (CDS) (heroin) (count I), a violation of La. R.S. 40:966(A)(1) & (B)(3); and possession with intent to distribute a schedule II CDS (methamphetamine), weight more than twenty-eight grams (count II), a violation of La. R.S. 40:967(A)(1) & (B)(1)(b).[1] He pled not guilty on both counts. Following a jury trial, the defendant was found guilty as charged on both counts by unanimous verdicts. On count I, he was sentenced to twenty years at hard labor. On count II, he was sentenced to a concurrent term of twenty years at hard labor.

Thereafter, the State filed a habitual offender bill of information against the defendant, alleging he was a fourth-felony habitual offender on both counts.[2] The defendant denied the allegations. Following a hearing, he was adjudged a fourth-felony habitual offender on both counts, the court vacated the "sentence" imposed, and sentenced the defendant to forty years at hard labor without benefit of probation or suspension of sentence. The defendant now appeals, contending the district court erred in overruling the *Batson*[3] objection to the exclusion of prospective juror Dayna Finley and in denying the motion for new trial predicated upon the denial of the *Batson* objection. However, this court has noticed patent

---

[1] Kaci L. Giovengo, Jermaine L. Griffin, and Anthony Michael Glazier were also charged under the bill of information.

[2] The Habitual Offender Bill of Information listed the defendant's convictions on counts I and II, three predicate offenses, and concluded, "The said defendant is one and the same person who was previously convicted in the listed case number(s) and should now be sentenced in conformity with the provisions of La. R.S. 15:529.1."

Predicate #1 was set forth as the defendant's January 5, 2000 conviction, under Twenty-Second Judicial District Court Docket #305294, for distribution of an imitation schedule II CDS, for which supervision ended on February 25, 2005. Predicate #2 was set forth as the defendant's August 31, 2011 conviction, under Twenty-Second Judicial District Court Docket #451999, for distribution of Schedule II CDS, for which supervision ended on July 4, 2016. Predicate #3 was set forth as the defendant's October 17, 2017 conviction, under Twenty-Second Judicial District Court Docket #588025, for possession or introduction of contraband in a state correctional institution, for which the defendant received a ten-year sentence.

[3] *Batson v. Kentucky*, 476 U.S. 79, 93-98, 106 S.Ct. 1712, 1721-1724, 90 L.Ed.2d 69 (1986).

2

error on the face of the record that requires us to remand this matter for further proceedings before we can consider the defendant's appeal. For the following reasons, we vacate the sentence and remand with instructions.

## REVIEW FOR ERROR

Initially, we note that our review for error is pursuant to La. C.Cr.P. art. 920, which provides that the only matters to be considered on appeal are errors designated in the assignments of error and "error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."

The defendant's convictions for possession with intent to distribute heroin and possession with intent to distribute more than twenty-eight grams of methamphetamine required the imposition of two separate sentences, but only one sentence of forty years at hard labor without benefit of probation or suspension of sentence was imposed. A sentencing error occurs when a district court, in sentencing for multiple counts, does not impose a separate sentence for each count. *State v. Mayo*, 2012-0707 (La. App. 1st Cir. 6/7/13), 2013 WL 2490361, at *1. In the instant matter, the district court's failure to impose separate sentences for counts I and II was a sentencing error. See *Mayo*, 2013 WL 2490361, at *1; *State v. Soco*, 94-1099 (La. App. 1st Cir. 6/23/95), 657 So.2d 603.

It is well settled that a defendant can appeal from a final judgment of conviction only where a sentence has been imposed. See La. C.Cr.P. art. 912(C)(1); *Mayo*, 2013 WL 2490361, at *1. In the absence of valid sentences, the defendant's appeal is not properly before this court. *Mayo*, 2013 WL 2490361, at *1. Therefore, we do not consider the defendant's assignments of error, as they are not properly before us. Accordingly, the incorrect sentence imposed by the district court is vacated, and the matter is remanded for resentencing with instructions that the district court impose a separate sentence for each conviction. We further order the district court to specifically provide in the sentences that they are being enhanced pursuant to

3

the defendant's adjudication as a fourth-felony habitual offender. See *Mayo*, 2013

WL 2490361, at *1. After resentencing, the defendant may perfect a new appeal.

## DECREE

For these reasons, we vacate the sentence of defendant, Jason Leon Griffin,

and remand for resentencing.

**SENTENCE VACATED AND REMANDED TO DISTRICT COURT FOR RESENTENCING.**

4